CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV 15 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENTON CALVIN HALL, III,<br>Plaintiff, | Civil Action No. 7:05cv00671 |
| v. | MEMORANDUM OPINION |
| VIRGINIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Benton Calvin Hall, III, proceeding pro se, brings this civil rights action, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Additionally, Hall raises claims in his complaint that this court will construe as a petition for writ of habeas corpus, brought under 28 U.S.C. §2254.

Hall is seeking monetary damages for his allegedly unlawful confinement from July 15, 2004 until July 16, 2004. Hall alleges that on June 2, 2003, he was sentenced to serve three years of a previously suspended sentence. He further alleges that under the Good Conduct Allowance sentencing structure he should have been released from custody on July 15, 2004, but in fact was not released until July 16, 2004. Upon consideration of Hall's petition, I find that his claims regarding the validity of his confinement must be dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases and his suit for damages for the allegedly unlawful confinement must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

I.      28 U.S.C. §2254 Petition

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was

convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999). In Virginia, a non-death row felon can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, Hall admits that he has not presented any of his claims to the Supreme Court of Virginia as required. Petitioner's failure to exhaust his state remedies mandates summary dismissal of his § 2254 claims.[1]

## II. 42 U.S.C. § 1983

To the extent Hall seeks damages for the allegedly unlawful confinement, Hall is advised that

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

although he may seek damages under 42 U.S.C. § 1983, such an award can only be made after a only after a showing that his confinement was in fact unlawful. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Accordingly to succeed on such a claim, Hall must prove that his confinement from July 15, 2004 to July 16, 2004 was either declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a § 2254 writ. See id. As Hall admits that his confinement has not been declared invalid by a state tribunal and as this court has declined to issue a § 2254 writ, I find that this claim must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted.

### III.    Conclusion

As to Hall's § 1983 claims, he is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

Furthermore, Hall is advised that as to his § 2254 claim, he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth

Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

    **ENTER**: This \_\_15th\_\_ day of November, 2005.

                                    /s/ Jackson L. Kiser
                                    United States District Judge